UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

| | |
|---|---|
| LINN ALEXANDER, <br><br> Plaintiff, <br><br> v. <br><br> J.P. MORGAN CHASE BANK, N.A., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:22-cv-12030 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** LINN ALEXANDER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing at 301 East Parkway Avenue, Flint, Michigan, which is located within the Eastern District of Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation formed under the laws of the State of Delaware, and has a principal place of business located at 270 Park Avenue, New York, New York. Defendant provides various banking and other financial services to consumers nationwide.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In 2021, Plaintiff began receiving calls to her cellular phone, (810) XXX-6707, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6707. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. When answering calls from Defendant, Plaintiff experienced a noticeable pause, lasting a handful of seconds in length, before she was connected with a live representative.

12. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect upon a credit card balance of approximately $110. Plaintiff stated that was impossible, as she only had a checking account and debit card, and referred the representatives to her account. Plaintiff then requested Defendant cease contacting her.

13. Despite Plaintiff's efforts, Defendant continued to regularly call Plaintiff through September 2021. Defendant also sent Plaintiff several collection letters despite being put on notice Plaintiff did now owe the subject debt.

14. Defendant has placed multiple calls to Plaintiff's cellular phone during the same day, even after being told that Plaintiff does not owe the debt and to stop calling.

15. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

16. Plaintiff has been unfairly harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

20. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting a handful of seconds in length, that Plaintiff experienced during answered calls before being connected to a representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

21. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her multiple demands to cease contact.

22. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

23. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes, yet, in defiance of Plaintiff's demands, Defendant continued to knowingly and intentionally place mass calls to her cellular phone.

**WHEREFORE**, Plaintiff, LINN ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

26. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

27. The subject consumer debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

**a. Violations of M.C.L. § 445.252(f)(ii)**

28. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

29. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as

5

Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

30. Defendant further violated M.C.L. § 445.252(f)(ii) by continuously attempting to collect on a debt Plaintiff did not owe.

    b.   **Violations of M.C.L. § 445.252(n)**

31. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

32. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop. In spite of Plaintiff's demands, Defendant systematically contacted Plaintiff. This repeated behavior was harassing and abusive, and the frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant was notified by Plaintiff that its calls were unwanted and in turn inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

    c.   **Violations of M.C.L. § 445.252(q)**

34. The MCPA, pursuant to M.C.L. § 445.252(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

35. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that she no longer wished to receive its phone calls, but in defiance of this information, Defendant continued placing calls to Plaintiff's cellular phone. Plaintiff also informed Defendant she did not owe the debt, yet the

collection efforts continued. This demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were unnecessary, unwelcome, and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

36. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that she did not owe the debt and did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating the willful failure to implement adequate procedures designed to prevent violations of the MCPA.

**WHEREFORE**, Plaintiff, LINN ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 29, 2022                                Respectfully submitted,

                                                           *s/ Alexander J. Taylor*
                                                           Alexander Taylor, Esq.
                                                           Counsel for Plaintiff
                                                           Admitted in the Eastern District of Michigan
                                                           Sulaiman Law Group, Ltd.
                                                           2500 South Highland Avenue, Suite 200
                                                           Lombard, Illinois 60148
                                                           (331) 307-7633 (phone)
                                                           (630) 575-8188 (fax)
                                                           ataylor@sulaimanlaw.com